**IN THE UNITED STATES COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **DONALD HERNANDEZ** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No.** <u>3:19-cv-00379</u> |
| | § | |
| **DOGGETT FREIGHTLINER OF** | § | |
| **SOUTH TEXAS, LLC dba DOGGETT** | § | |
| **FREIGHTLINER OF EL PASO** | § | |
| | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, *et seq*., Defendant Doggett Freightliner of South Texas, LLC d/b/a Doggett Freightliner of El Paso ("Doggett" or "Defendant") submits this Notice of Removal ("Notice") to remove this civil action from the El Paso County District Court, At Law No. 3, to the United States District Court for the Western Division of Texas, El Paso Division.  In support thereof, Defendant states as follows:

## RELEVANT FACTS

1.      This employment case, filed October 28, 2019, is brought by Donald Hernandez ("Hernandez").

2.      Hernandez alleges an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, as amended, as well as under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code. Ch. 21 (*See **Ex. B**, Plaintiff's Original Petition and Request for Disclosure ("Petition") at ¶ 33).

3.      Hernandez served the Petition upon Defendant on November 25, 2019.

4.      The thirty-day period within which this action may be removed extends through December 25, 2019, a federal holiday.   The removal period, therefore, extends to December 26, 2019.  The removal period has not yet expired.

## BASIS FOR REMOVAL

5.      This action is removable to the United States District Court under 28 U.S.C. §§ 1441(c) and 1331 based on federal question jurisdiction.

6.      This Court has original jurisdiction over this action based upon a federal question.   Federal question jurisdiction exists when a civil action "aris[es] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  Under the well-pleaded complaint rule, a determination as to whether a federal question exists depends upon the allegations of the plaintiff's pleading.  *Medina v. Ramsey-Steel Co., Inc.,* 238 F.3d 674, 680 (5th Cir. 2001).  In this case, the Petition asserts a request for relief under the ADEA, a federal statute. (*See Ex B*, Petition, at ¶ 33).  Therefore, federal question jurisdiction exists.

7.      The Petition also alleges age discrimination under the TCHRA, Tex. Lab. Code. Ch. 21.  (*See Ex. B*, Petition, at ¶ 33).  This Court has supplemental jurisdiction over Plaintiff's TCHRA claim because it "derives from a common nucleus of operative facts" of Plaintiff's ADEA claim.  *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966); 28 U.S.C. § 1367(a).

8.      Accordingly, this action is one over which this court has original jurisdiction per 28 U.S.C. § 1331 and removal jurisdiction pursuant to 28 U.S.C. § 1441.

9.      Venue in the Western District of Texas is proper under 28 U.S.C. §1441(a) because the state court where the action is pending is located in this district.

10.     This Notice is timely filed within thirty (30) days of Plaintiff serving Plaintiff's Original Petition on November 25, 2019.  28 U.S.C. §1446(b).

11.     By virtue of this Notice, Defendant does not waive its right to assert any claims or other motions, including Rule 12 motions, permitted by the Federal Rules of Civil Procedure.

12.     No admission of fact, law, or liability is intended by the Notice, and Defendant expressly reserves all defenses and affirmative defenses.

13.     There are no other defendants from whom consent to remove is required.

14.     This Notice is signed pursuant to Federal Rule of Civil Procedure 11.

15.     This Notice is accompanied by copies of the following:

a.      An index of all documents filed in state court that clearly identifies each document and indicates the date the document was filed in state court (**Exhibit A**);

b.      Pleadings ascertaining causes of action, *e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings, and non-discovery related documents filed in state court (**Exhibit B**);

c.      A copy of the docket sheet in the state court action (**Exhibit C**).

d.      A list of all counsel of record, including addresses, telephone numbers, and parties represented (**Exhibit D**).

16.     Pursuant to 28 U.S.C. §1441(d), Defendant shall provide written notice of the filing of this Notice to all adverse parties, and a copy of this Notice is also being filed with the Clerk of the State Court in which this case was originally filed.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant accordingly prays that this Court deem this Notice to be good and sufficient, and that the Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with law.

Respectfully submitted this the 26th day of December 2019.

Respectfully submitted,

*/s/ Mauro Ramirez*

**STEPHEN J. ROPPOLO**
Texas Bar No. 00797939
Western District No. 21694
**MAURO RAMIREZ**
Texas Bar No. 24060460
Western District No. 877306997
**FISHER & PHILLIPS LLP**
910 Louisiana Street, Suite 4000
Houston, TX  77002
Tel: (713) 292-0150
Fax: (713) 292-0151
sroppolo@fisherphillips.com
mramirez@fisherphillips.com

**ATTORNEYS FOR DEFENDANT,
DOGGETT FREIGHTLINER OF
SOUTH TEXAS, LLC d/b/a DOGGETT
FREIGHTLINER OF EL PASO**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Defendant Doggett Freightliner of South Texas, LLC's Notice of Removal** was filed on December 26, 2019 in accordance with the e-filing protocols of the United States District Court for the Western District of Texas via CM/ECF filing.

Enrique Chavez, Jr.
Michael R. Anderson
Chavez Law Firm
2101 Stanton Street
El Paso, Texas 79902

*/s/ Mauro Ramirez*
**MAURO RAMIREZ**